[Cite as *Tankersley v. Dennis*, 2026-Ohio-2638.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| BILLIE TANKERSLEY | : | |
| | : | C.A. No. 30707 |
| Appellant | : | |
| | : | Trial Court Case No. 2025 CV 05582 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| SHENEKA DENNIS | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 10, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

BILLIE TANKERSLEY, Appellant, Pro Se
SHENEKA DENNIS, Appellee, Pro Se

TUCKER, J.

{¶ 1} Plaintiff-appellant Billie Tankersley appeals from the trial court's Civ.R. 12(B)(6) judgment on the pleadings dismissing her complaint for damages against defendant-appellee, Sheneka Dennis. For the reasons set forth below, we affirm the judgment of the Montgomery County Common Pleas Court.

## I. Factual and Procedural Background

{¶ 2} On October 3, 2025, Tankersley, acting pro se, filed a complaint against Dennis. The complaint sets forth the following two handwritten statements:

I want court to have Defendant to cover cost of damages and total fees for court process and give highest punishments.

I want compensated for total damage value and total court fees reimbursed, and defendant insurance reevaluated for validity and punished accordingly to findings.

{¶ 3} Attached to the complaint are 28 pages of documents purporting to be an Ohio Traffic Crash Report, a traffic accident report summary, letters to Tankersley from an insurance company, records from a second insurance company, and two separate estimates for repair.

{¶ 4} On October 16, 2025, Dennis filed a pro se motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). Dennis's submission included a request to strike the documents attached to the complaint. The trial court filed a scheduling entry permitting

2

Tankersley to respond by November 3, 2025, and allowing Dennis to reply no later than November 10, 2025.

{¶ 5} On October 28, 2025, Tankersley filed a motion to continue, in which she stated there was sufficient information to demonstrate that Dennis "is at fault for damages." With regard to the motion to strike, Tankersly stated, "As the entire packet was submitted as an original entry, there are no surprises to validate the motion to strike." Finally, she stated, "Again, I motion to continue, as there is sufficient information and documentation that is being granted to the defendant from the beginning. There is no sufficient reason that the case should be dismissed."

{¶ 6} The trial court granted the motion and dismissed the action. Tankersley appeals.

## II. Civ.R. 12(B)(6) Dismissal

{¶ 7} The sole assignment of error asserted by Tankersley states as follows:

The trial court erred in granting the defendant's motion to dismiss. The motion to dismiss for failure to state a claim upon which relief can be granted has been updated and is supported by documentation. The appellate court should reverse the lower court decision based on the facts stated in the included documents.

{¶ 8} Tankersley claims the complaint and attached documents demonstrate Dennis was at fault for causing a vehicle collision that resulted in damage to the vehicle operated by Tankersley. She also claims Dennis should "be found liable for all damages and court costs for failure to carry vehicle insurance" as required by R.C. 4509.101. Finally, Tankersley claims that Dennis should be found guilty of aggravated menacing, in violation of

3

R.C. 2903.21, because Dennis "pinned" Tankersley to her vehicle "in a threatening manner" following the collision.

{¶ 9} Civ.R. 12(B)(6) allows a party to file a motion to dismiss asserting that the complaint fails to state a claim upon which relief may be granted. A motion to dismiss under this rule constitutes "a procedural mechanism that tests the sufficiency of the allegations in the complaint." *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 2006-Ohio-1713, ¶ 8, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In considering the motion, the court "'must examine the complaint to determine if the allegations provide for relief on any possible theory.'" *Id.*, quoting *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995). Additionally, the court "must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiffs." *Maitland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it 'must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recovery.'" *Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 8, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. When reviewing a Civ.R. 12(B)(6) judgment of dismissal, this court utilizes the de novo standard. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

{¶ 10} When considering a Civ.R. 12(B)(6) motion to dismiss, "courts cannot rely on evidence or allegations outside the complaint." *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 11, citing *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Instead, the court is limited to a "review of the four corners of the complaint along with any documents properly attached to or incorporated into the complaint." *Hayes v. Mingo Properties LLP*, 2025-Ohio-378, ¶ 16 (8th Dist.), citing *High St. Properties, L.L.C. v. Cleveland*, 2015-Ohio-1451, ¶ 17 (8th Dist.). However, "[i]f the plaintiff decides to attach documents to his complaint, which he

4

claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim." *Radtke v. Chester Twp.*, 2015-Ohio-4016, ¶ 18 (11th Dist.), quoting *Adlaka v. Giannini*, 2006-Ohio-4611, ¶ 34 (7th Dist.). *See also State ex rel. McCarley v. Dept. of Rehab. & Corr.*, 2024-Ohio-2747, ¶ 13 ("It is well established, however, that when a plaintiff attaches exhibits to the complaint and alleges that the attached exhibits establish the claim, the plaintiff invites the court to consider them as part of the complaint.").

{¶ 11} We agree with the trial court's finding that the language of the complaint does not set forth a cause of action upon which relief can be granted. A "cause of action" is defined as "facts which give a person a right to judicial relief. The legal effect of an occurrence in terms of redress to a party to the occurrence. A situation or state of facts which would entitle [a] party to sustain action and give him [the] right to seek a judicial remedy in his behalf." *Black's Law Dictionary* (5th Ed. 1983). Tankersley's complaint merely asks for an award of damages without setting forth any allegations that would entitle her to such an award. In other words, the complaint does not set forth any facts or legal basis that would permit Tankersley to sue Dennis. There is no statement regarding a legal right held by Tankersley or a duty owed by Dennis. Nor is there a statement alleging a violation of any rights or duties.

{¶ 12} A review of Tankersley's appellate brief and the documents attached to her complaint demonstrate that a vehicle accident took place in June 2025 in which a car operated by Dennis collided with a vehicle operated by Tankersley. "In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Rieger v. Giant Eagle, Inc.*, 2019-Ohio-3745, ¶ 10. This standard is consistent with Civ.R. 8(A), which provides for notice pleading and requires only "(1) a short and plain statement of the claim showing that the

5

party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Again, the complaint is devoid of any language indicating a claim for relief.

{¶ 13} Further, Tankersley does not allege, nor is there anything in this record to support a claim, that she suffered personal injuries as a result of the accident. Instead, the only claim for damages that can be gleaned from the record is one for damages to the vehicle driven by Tankersley.[1]  However, we must conclude that Tankersley cannot maintain an action for such damages.

{¶ 14} "A fundamental requirement for a matter to be 'justiciable' is that the party bringing suit has standing to sue." *McCann v. Durrani*, 2023-Ohio-3953, ¶ 20 (1st Dist.). "'Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Id.*, quoting *Davet v. Sheehan*, 2014-Ohio-5694, ¶ 22 (8th Dist.). "Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court. The requirement of 'standing' is satisfied if it can be said that the plaintiff has a legally protectible and tangible interest at stake in the litigation." *Black's Law Dictionary* (5th Ed. 1983).

{¶ 15} Here, the police report indicates that Tankersley was not the owner of the vehicle she was driving. There is no evidence to support a claim that Tankersley holds any right to or interest in the vehicle. Nor is there any claim or evidence that the owner of the vehicle assigned any right to sue for damages to Tankersley. Thus, on this record, we must

---

1. As noted above, Tankersley's appellate brief asserts a claim that Dennis "should be found guilty of aggravated menacing per ORC 2903.21." However, there is no mention of such a claim in either the complaint, the documents attached thereto, or any other pleading filed in this action. Thus, such a claim was not before the trial court and was not preserved for appeal.

6

conclude that she has no standing to sue for damages to that vehicle. Of course, the owner of the vehicle would have a right to file a cause of action within the two-year statute of limitations.

{¶ 16} Applying the relevant case law to this action, we conclude that the trial court did not err by granting the Civ.R. 12(B)(6) motion to dismiss. Accordingly, Tankersley's assignment of error is overruled.

### III. Conclusion

{¶ 17} Tankersley's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.